**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY, 10463
Tel: (718) 330-1200  Fax: (718) 855-0760

*David E. Patton*
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
*Peter Kirchheimer*
*Attorney-in-Charge*

December 7, 2015

Ms. Zainab Ahmad
Mr. Samuel Nitze
Ms. Margaret Lee
Ms. Melody Wells
Assistants United States Attorney
United States Attorney's Office
271 Cadman Plaza East, 4th Floor
Brooklyn, N.Y.  11201

<u>U.S.A. v. Alhassane Ould Mohamed, 13 CR 0527 (WFK)</u>

Dear Ms. Ahmad, Mr. Nitze, Ms. Lee and Ms. Wells:

      At proceedings in open court over one month ago, on October 29, 2015, the government represented that it would provide the defense with certain material "right away . . . . " (Transcript of Criminal Cause for a Hearing, of October 29, 2015 ["Tr."], at 46.) Nonetheless, since those proceedings the government has provided nothing. In light of the specificity of the government's representations and the time that has already elapsed, the government should produce all the material it has promised today. If not, the government should indicate the status of each of the following items and specify a date certain for its production.

      **A.**    At the hearing, the government made the following representations.

          1)    The government promised to provide "actually the full interview of [Lamine Maïga]," and his grand jury testimony (Tr., at 45-46). The Court has decided that the defense motion for these items was moot, "provided the Government abides by its representations made before the Court," namely that "it would provide these writings or recordings 'right away[,]' . . . . " (Decision and Order, of December 1, 2015 ["D & O"], at 13.)

1

    2)     The government promised to provide one document that it does not believe is *Brady* but intends to turn over "in an abundance of caution, if the defense considers it helpful to them," adding that "it was delayed because it was a classified document." (Tr., at 48.)

    3)     The government promised to take one more pass" through witness material "to see if anything stands out as the kind of impeachment material that would really require extensive further investigation in order to be able to make use of at the hearing." (Tr., at 60-61.)

    4)     The government represented that it was "doing what we can to see if there is a better copy" of "a French document with the defendant's statements that was cut off at the end," which the defense requested in a *Brady* request of October 27, 2015 (Tr., at 48).

    5)     The government promised to provide forensic analysis of phones seized from Mr. Mohamed by the French in November 2013 (Tr., at 49; D & O, at 15).

    6)     The government stated that it was trying to get "the underlying documents concerning the fingerprinting" and any ballistic documents (although the government doubted that there were any of those)(Tr., at 47).

    7)     In connection with the defense motion for the return of property, pursuant to Fed.R.Crim.P. 41(g), the Court instructed the government to "list what you're not prepared to turn over." (Tr., at 42; D & O, at 23.)

    8)     While the Court denied the defense motion for an early disclosure of the government's witness list (D & O, at 21-22; *see also* Tr., at 21-22), the government stated that it did not have security concerns about providing the defense with the identities of "several American witnesses . . . who were other employees of the embassy and other Marines who were there with the two victims that evening." (Tr., at 55.)

**B.**     In addition, the Court has made two further orders.

    9)     The Court has now ordered the government to provide copies of photographs used in identification proceedings, "including

        proceedings resulting in a negative identification . . . . " (D & O, at 15-16.)

10)    The Court has further ordered that the government allow the defense to inspect any vehicles or other property allegedly involved in the instant offense and 404(b) offense (*see* D & O, at 14-16).

Please also let us know when we may inspect items allegedly taken from Mr. Mohamed's home on or about December 26, 2000, and any vehicles or other property allegedly involved in the instant offense or 404(b) offense.

There are also two other outstanding, unanswered *Brady* requests, including one of October 30, 2015.

As always, I would be happy to discuss any of these matters with any member of the government's team.

        Sincerely,

        /s/

        Douglas G. Morris

        Assistant Federal Defender
        (718) 330-1209

cc:    Clerk of the Court

       Ms. Mildred Whalen, Esq.

       Mr. Alhassane Ould Mohamed