**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY  11201
Tel: (718) 330-1200  Fax: (718) 855-0760

*David E. Patton*
Executive Director and
Attorney-in-Chief

Eastern District
Peter Kirchheimer
Attorney-in-Charge

December 23, 2015

The Honorable William F. Kuntz
U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re: U.S.A. v. Alhassane Ould Mohamed, 13-CR-527 (WFK)

Your Honor:

  This is a motion for reconsideration of the Court's order granting the government's motion for a protective order for any and all 3500 material produced to the defendant, filed yesterday.  We oppose the highly unusual step of imposing a protective order on 3500 material, which does not appear to be warranted for a case involving a car jacking resulting in murder that took place over 15 years ago.  We therefore respectfully request that the Court reconsider the need for a protective order at all in this case.  However, should the Court decide, after review of our motion for reconsideration, that such a protective order is warranted, we have specific objections to the order proposed by the government, and submit an alternate proposal with this response.

  We also would like to note that the government made its motion pursuant to Federal Rule of Criminal Procedure 16(d).  This rule regulates protection of discovery, and as the government has repeatedly argued in this case, 3500 material is not discovery or discoverable, and is only regulated by 18 U.S.C. 3500.  While 3500 material may be subject to a motion for a protective order, it does not appear that Rule 16(d) is the legal authority for such a motion.

**I.  The defense was not provided with a reasonable period of time, prior to the date of disclosure for 3500 material, to respond to the motion for a protective order.**

  On October 28, 2015, the government agreed, by stipulation, to provide the defense with the 3500 material 30 days in advance of the scheduled hearing date.  The

hearing is scheduled to begin on January 25, 2016, which made the 3500 material due by December 25, 2015.  On Monday, December 21, 2015, for the first time, the government indicated it would seek a protective order for the 3500 material.  Without warning, the government sent the defense a proposed order.  When defense counsel indicated we would not be able to immediately response, due to previously scheduled meetings and court appearances, the government, rather than waiting even one day for the defense to respond, or suggesting a schedule for review, simply went ahead and filed its request for a protective order.  In doing so, the government failed to notify the Court that the defense had not had the opportunity to review and comment upon the government's proposed order.

      We believe this is evidence of bad faith on the part of the government.  The government clearly knows the defense would want an opportunity to review and comment on any protective order presented to the Court.  In fact, the government's proposed protective order contains the requirement that the defense provide the government with notice of any application to the Court with regard to the 3500 material "sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure."   Proposed Govt Order ¶¶4, 5.  While the government requests a reasonable time to consider applications by the defense, they apparently have no intention of granting the defense a reasonable time to consider their applications.

      We have further concerns that the government is using this protective order as a delaying tactic to prevent timely disclosure of 3500 material, disclosure they agreed to in a stipulation submitted to and approved by the Court on October 28, 2015.  Given that the Court may also require time to consider the defense motion for reconsideration of a protective order, we respectfully request that the pretrial hearing be adjourned by one business day for every day the government delays in providing the 3500 by December 25, 2015, given their untimely request for a protective order.

**II.  The government's claims of necessity for the protective order have not been supported by factual information.**

      The government's claims of necessity in its motion for a protective order have not been supported by any kind of factual information.  The Court has simply been presented with the blanket assertion that the order is necessary because Mr. Mohamed has a "history of obstructing justice and because witnesses in this matter have indicated that they are afraid of the defendant and his criminal network."  Govt Mtn, Docket entry #90, p.2; *see also*, Oral Argument Tr. p. 54.

      The defense has repeatedly brought to the Court's attention that Mr. Mohamed has never obstructed or tampered with any witness, and that no obstruction or tampering with witnesses has been linked to him. Docket entry #29-1, pp.9, 27; entry

#41, p.11; entry #55-1, p.102; entry #67, pp. 51-54; Oral Argument Tr. p.52.  Without specific factual information as to how Mr. Mohamed is alleged to have obstructed or tampered with witnesses, the Court should not consider this claim in its determination as to whether or not a protective order is necessary.

With respect to the government's assertion that certain 3500 material contains confidential law enforcement documents, the government could identify those 3500 items and they alone could be subject to a protective order.  The government has made no showing that there is a need for a blanket protective order on all 3500 material, a step that is rare in even national security cases and unwarranted in this one.

### III.  Our specific objections to the protective order and our proposed modifications.

¶1 We respectfully request that a sentence be added making clear that Mr. Mohamed will be provided with and permitted to keep a copy of the 3500 material at the MCC.

¶2.  We respectfully request that the term "legal staff of defense counsel" be further defined to include attorneys, investigators, experts, paralegals, technical support staff, and interpreters.

¶4.  We respectfully request that this paragraph be modified to reflect that the defense may first make an application to the Court, *ex parte*, and seek a ruling as to whether or not they may further disseminate the material.  If the Court believes the government should be heard on such an application, the defense shall be permitted to supplement its *ex parte* application.  If the Court still believes the government should be heard, the defense will be permitted to withdraw its *ex parte* application and resubmit an application on notice to the government.

¶5. We respectfully request that the provisions of this paragraph apply equally to the government, meaning that the government, should it wish to attach any portion of the 3500 material protected by this order to its public filings, must provide notice to the defense "sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure."

¶7.  We respectfully request that this provision include language that further protective orders must be upon notice to defense counsel sufficiently in advance of the contemplated application so as to permit briefing and argument on the necessity of an additional protective order.

¶8.  We respectfully request that this paragraph be modified to reflect that defense counsel is subject to the order, but not a signatory to the order.

¶9. We respectfully request that this paragraph be modified to extend the return of 3500 material to the end of all judicial, semi-judicial, quasi-judicial, appellate, collateral, executive or like proceedings involving and related to Mr. Mohamed, rather than simply at the conclusion of trial. Once all proceedings have been resolved, the defense will either return the 3500 material to the government, or permit a government witness to observe its destruction.

The modification proposed in ¶9 is based on language similar to that in the protective order issued for use of classified discovery. *See* Docket entry # 45, Protective Order, p.11.

¶11. We respectfully request that this paragraph be modified to allow either party to notify opposing counsel that the party believes a violation of the order has taken place and give the parties an opportunity to brief and argue the alleged violation.

        Respectfully submitted,

        Mildred M. Whalen
        Staff Attorney
        (718) 330-1290

enc.

cc:     Assistant U.S. Attorney Zainab Ahmad, Esq.
        Assistant U.S. Attorney Melody Wells, Esq.
        Assistant U.S. Attorney Margaret Lee, Esq.
        Mr. Douglas G. Morris, Esq.
        Ms. Deirdre von Dornum
        ECF