ZA:MI./MW
F. #2012R00596

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ALHASSANE OULD MOHAMED,

Defendant.

- - - - - - - - - - - - - - - -X

PLEA AGREEMENT

13 CR 527 (WFK)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and ALHASSANE OULD MOHAMED (the "defendant") agree to the following:

1.  The defendant will waive indictment and plead guilty to a superseding information to be filed in this district, charging a violation of 18 U.S.C. § 1117. The count carries the following statutory penalties:

    a.  Maximum term of imprisonment: life
        (18 U.S.C. § 1117).

    b.  Minimum term of imprisonment: none
        (18 U.S.C. § 1117).

    c.  Maximum supervised release term: 5 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision
        (18 U.S.C. § 3583(b) & (e)).

    d.  Maximum fine: $250,000 or twice the gross loss or gross gain



       (18 U.S.C. § 3571(b)(3), (d)).

  e. Restitution: In an amount to be determined by the Court. (18 U.S.C. §§ 3663 and 3663A).

  f. $100 special assessment (18 U.S.C. § 3013).

  g. Other penalties: removal, as set forth below in paragraph 10.

 2. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Office and the defendant agree that a specific sentence of 300 months' (25 years') incarceration and 5 years of supervised release is the appropriate term of imprisonment and term of supervised release in this case. The agreed-upon terms of imprisonment and supervised release are not based on the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). In the event that the agreed-upon sentence is below or above the Guidelines sentencing range calculated by the Court, the defendant and the Office consent to an adjustment under 18, U.S.C. § 3553(a) and the Office will inform the Court at the time of sentencing why the adjustment is justified. The defendant agrees that no departure under the Guidelines or adjustment under 18 U.S.C. § 3553(a) to the agreed-upon sentence is warranted in this case. If the Court rejects this plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, the defendant and the Office shall be afforded the opportunity to withdraw or vacate the plea. To the extent the Court imposes a fine or special conditions of supervised release, such components of the sentence are governed by 18 U.S.C. § 3553 and the Guidelines. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant and such information may be used by the Court in determining the defendant's sentence.

3. The defendant agrees not to file an appeal or otherwise challenge, by motion pursuant to 18 U.S.C § 3582, petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 300 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 5 below. Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

4. The Office agrees that:

   a. no further criminal charges will be brought against the defendant for (1) murder and attempted murder of an internationally protected person, on or about December 23, 2000, as alleged in Counts One and Two of the Indictment; (2) conspiring to provide material support to the al-Murabitoun

> Battalion in or about and between June 2013 and November 2013, to wit: scouting locations for terrorist attacks at locations in Niamey, Niger; or (3) conspiring to provide and providing material support to al-Qaeda in the Islamic Maghreb, to wit: kidnapping Canadian citizens in Niger it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the underlying indictment with prejudice;

and, based upon information now known to the Office, it will

    b.    make no motion for a sentence greater than 300 months' imprisonment.

5.    The defendant consents to his removal. The defendant acknowledges that he received a Notice of Intent to Request Judicial Removal dated February 29, 2016, and Factual Allegations In Support of Judicial Removal dated February 29, 2016. The defendant also acknowledges that he signed a Plea Statement In Support of Judicial Removal Proceedings dated February 29, 2016 (the "Removal Plea Statement"). The Notice of Intent to Request Judicial Removal, Factual Allegations In Support of Judicial Removal, and the Removal Plea Statement are all attached hereto and incorporated herein. As set forth more fully in the defendant's Removal Plea Statement, the defendant concedes that he is removable from the United States; waives any right he may have to apply for relief or protection from removal; requests that an order be issued for his removal to Mali and requests that the Court, at the time of sentencing, order that the defendant be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing.

6.      This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

7.      Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties.  Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
       March 24, 2016

By:  ROBERT L. CAPERS
     United States Attorney
     Eastern District of New York

     _____
     Margaret Lee
     Melody Wells
     Assistant United States Attorneys

Approved by:

_____
Zainab Ahmad
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ALHASSANE OULD MOHAMED
Defendant

Approved by:

_____  Douglas F. Euid
Counsel to Defendant

Translated by:

_____