UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF INTENT TO REQUEST JUDICIAL REMOVAL |
| - against - | |
| ALHASSANE OULD MOHAMED (a/k/a "CHEIBANI") | 13 CR 527 (S-1) (WFK) |
| Defendant. | |

------------------------------X

NOTICE IS HEREBY GIVEN TO ALHASSANE OULD MOHAMED, a/k/a "CHEIBANI", ("the defendant") and to his attorney of record, Douglas Morris, Esq., that upon conviction of the defendant for violation of Title 18, United States Code, Section 1117, the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:   Brooklyn, New York
         March 2, 2016

                                    Robert L. Capers
                                    United States Attorney
                                    Eastern District of New York

                           By:      _____
                                    Margaret Lee
                                    Assistant United States Attorney



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

ALHASSANE OULD MOHAMED
      (a/k/a "CHEIBANI")

      Defendant.

------------------------------X

FACTUAL ALLEGATIONS
IN SUPPORT OF JUDICIAL
REMOVAL

13 CR 527 (S-1) (WFK)

NOTICE IS HEREBY GIVEN TO ALHASSANE OULD MOHAMED, a/k/a "CHEIBANI", ("the defendant") and to his attorney of record, Douglas Morris, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Mali and a citizen of Mali.

3. The defendant was paroled into the United States on March 12, 2014, at New York, New York.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Eastern District of New York, of Conspiring to Murder an Internationally Protected Person, to wit: William Bultemeier, an employee of the United States.

5. The conspiracy involved the defendant and his co-conspirator approaching a diplomatic vehicle while brandishing firearms and shooting William Bultemeier, an employee of the United States.

6. The maximum sentence for a violation of Title 18, United States Code, Section 1117 is life in prison, but pursuant to an agreement between the parties, the maximum sentence faced by the defendant is 25 years' imprisonment.

7. The defendant, at sentencing, will be subject to removal from the United States pursuant to: (1) Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission, was not in possession of a valid immigrant visa reentry permit, border crossing identification card, or other valid entry document required by the INA and (2) Section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

WHEREFORE, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court, at the time of sentencing, order that the defendant be removed from the United States to Mali.

Dated:      Brooklyn, New York
               March 2, 2016

                                    Robert L. Capers
                                    United States Attorney
                                    Eastern District of New York

                    By:    _____
                                    Margaret Lee
                                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

ALHASSANE OULD MOHAMED
          (A/K/A CHEIBANI)

Defendant.

------------------------------X

DEFENDANT'S PLEA
STATEMENT IN
SUPPORT OF
JUDICIAL
REMOVAL

13 CR 527 (S-1) (WFK)

ALHASSANE OULD MOHAMED, a/k/a "Cheibani", defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Alhassane Ould Mohamed.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated March 2, 2016. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated March 2, 2016. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Douglas Morris, Esq. After consultation with counsel and



understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2) and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated judicial removal order. I understand and knowingly waive my right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA"), on the question of my removability from the United States. I further understand the rights I would possess in a contested administrative proceeding and waive these rights, including my right to examine the evidence against me, to present evidence on my own behalf, and to cross-examine the witnesses presented by the government. I understand these rights and waive further explanation by the Court.

5.  I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6.  I hereby concede that I am removable from the United States under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission, was not in possession of a valid immigrant visa reentry permit, border crossing identification card, or other valid entry document required by the INA and Section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

7.  I hereby waive any and all rights I may have to any and all forms of relief or

protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I specifically acknowledge and state that I have no intention of pursuing any claim to relief under 8 U.S.C. § 1228(c)(2), including any relief based on past persecution in Mali, or a present fear of persecution in Mali, the country of my race, religion, nationality, membership in a particular social group, or political opinion. Similarly, I further acknowledge and state that I have no intention of pursuing any claim to relief from removal or return on the ground that I have been tortured in, or have a present fear of torture in Mali, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Mali, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

3/24/2016
Date

Defendant's Signature

3/24/2016
Date

Attorney for the Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against –

ALHASSANE OULD MOHAMED
(A/K/A CHEIBANI)

Defendant.

------------------------------X

CONCURRENCE OF UNITED STATES IMMIGRATION AND <u>CUSTOMS ENFORCEMENT</u>

13 CR 527 (S-1) (WFK)

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated: New York, New York
March 2, 2016

_____
Angel M. Melendez
Special Agent in Charge
United States Immigration and
Customs Enforcement



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ALHASSANE OULD MOHAMED
      (A/K/A CHEIBANI)

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ORDER
OF
JUDICIAL
<u>REMOVAL</u>

13 CR 527 (S-1) (WFK)

    Upon the application of the United States of America, by Margaret Lee, Assistant United States Attorney, Eastern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of ALHASSANE OULD MOHAMED, a/k/a "Cheibani", ("the defendant") and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.    The defendant is not a citizen or national of the United States.

2.    The defendant is a native of Mali and a citizen of Mali.

3.    The defendant was paroled into the United States on March 12, 2014, at New York, New York.

4.    At the time of sentencing in the instant criminal proceeding, the defendant will



be convicted in the United States District Court, Eastern District of New York, of Conspiring to Murder an Internationally Protected Person, to wit: William Bultemeier, an employee of the United States.

5. The conspiracy involved the defendant and his co-conspirator approaching a diplomatic vehicle while brandishing firearms and shooting William Bultemeier, an employee of the United States.

6. The maximum sentence for a violation of Title 18, United States Code, Section 1117 is life in prison, but pursuant to an agreement between the parties, the maximum sentence faced by the defendant is 25 years' imprisonment.

7. The defendant, at sentencing will be, subject to removal from the United States pursuant to: (1) Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission, was not in possession of a valid immigrant visa reentry permit, border crossing identification card, or other valid entry document required by the INA and (2) Section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

8. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

9. The defendant has waived the opportunity to pursue ~~any~~ and all forms of relief and protection from removal.

THEREFORE, it is ordered that, pursuant to Section 238(c) of the INA, 8 U.S.C. §1228(c), the defendant be removed from the United States to Mali promptly upon his satisfaction of any sentence of imprisonment, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing.

Dated:   Brooklyn, New York
~~March~~ ___, 2016
*April 26, 2016*

_____
THE HONORABLE
WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE